**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**zIT CONSULTING GMBH,**

**Plaintiff,** **CASE NO.** 6:15-cv-1012-Orl-31KRS

**vs.** **INJUNCTIVE RELIEF REQUESTED**

**BMC SOFTWARE, INC.** **JURY TRIAL REQUESTED**

**Defendant.**
______________________________________/

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff zIT Consulting GmbH files this complaint for patent infringement against Defendant BMC Software, Inc., and alleges:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff zIT Consulting GmbH is a German company having its principal place of business in Jade, Germany. Plaintiff offers products and services in this judicial district, including through its United States distributor, Enterprise Systems Associates, Inc., having its principal place of business in Orlando, Florida at University of Central Florida Research Park.

2. Defendant BMC Software, Inc. is a Texas corporation having its principal place of business in Houston, Texas. BMC regularly engages in business within this judicial district, committed infringing acts herein complained of in this judicial district, caused damages to Plaintiff in this judicial district, and maintains sufficient minimal contacts with the state of Florida to meet the minimal jurisdictional requirements under the laws of Florida and the United States.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

4. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§1391 and 1400(b).

## GENERAL ALLEGATIONS

5. Organizations that have substantial computing needs or require exceptional reliability, redundancy or security—e.g., large corporations, governments, and financial institutions—often employ mainframes. International Business Machines (IBM) supplies its System z computing platform to thousands of such organizations. However, significant recurring costs to System z users often include monthly or workload license charges based on their usage.

6. Plaintiff offers products and services to manage mainframe computer system usage. Proper management is important to ensure optimized and reliable performance, and to reduce license charges. Plaintiff's zDynaCap software provides automated capacity balancing and other features to System z users.

7. Plaintiff is the owner by assignment of United States Patent No. 8,904,405 titled "System and Method for Managing Mainframe Computer System Usage" ("the '405 Patent"). A copy of the '405 Patent is attached as Exhibit A.

8. Plaintiff is the owner by assignment of United States Patent No. 9,038,090 titled "System and Method for Managing Mainframe Computer System Usage" ("the '090 Patent"). A copy of the '090 Patent is attached as Exhibit B.

9. Prior to the issuance of the Patents-in-Suit, Plaintiff disclosed to Defendant, pursuant to a nondisclosure agreement, certain confidential information relating to its proprietary systems and methods. At least as early as September of 2013, Plaintiff disclosed to Defendant, including BMC's Director of Corporate Development, Andrew Burger, that Plaintiff had a pending patent application covering its proprietary systems and methods. Plaintiff was

subsequently granted the Patents-in-Suit.

10. Defendant has actual knowledge of the Patents-in-Suit.

11. In March of 2015, Plaintiff's CEO Hans Peeters presented a detailed review of Plaintiff's patented technology and the zDynaCap product, in which Plaintiff's '405 Patent was expressly and verbally disclosed and described to Neil Blagrave, the architect and product manager for BMC's infringing products, among others. An example of the express disclosure made in the presentation materials is depicted below.




The disclosure of Plaintiff's '405 Patent and patented technology was further made at the March 2015 discussion to the following employees and representatives of Defendant: Steve Feeney (BMC software sales), Simon Chang (BMC software consultant), Simon Chang (BMC consultant), Fred Novakov (BMC computer programmer), Edward Williams (BMC programmer and Product Manager), Paul Spicer (BMC Product Manager), Ilan Cohen (BMC Senior Product

Developer), Nataliya Musayelyan (BMC Senior Product Developer), Yifat Oren (BMC Principal Developer), Phat Tran (BMC Software Architect), Dave Davies (BMC Product Manager), and David Schipper (BMC Product Manager).

12. In June of 2015, Plaintiff expressly disclosed Plaintiff's '090 Patent and the zDynaCap product it covers to Defendant, including BMC employees Nataliya Musayelyan and Paul Spicer.

13. Defendant has infringed the Patents-in-Suit by, among other things, making, using, offering to sell, and selling, without license, products and systems for managing mainframe usage, including the BMC Intelligent Capping for zEnterprise (iCap). Defendant has continued to make use and sell the BMC Intelligent Capping for zEnterprise (iCap) despite knowledge that Plaintiff holds patents covering the product and its use by Defendant and its customers.

14. Defendant has induced its customers to infringe the Patents-in-Suit by instructing them to utilize BMC software products and systems, including the BMC Intelligent Capping for zEnterprise (iCap), in the manner specified by the Patents-in-Suit and disclosed to Defendant by Plaintiff. With actual knowledge of the Patents-in-Suit, Defendant has assisted its customers in installing, maintaining, and utilizing the infringing products in systems through personal support and through product documentation. A true and correct copy of the BMC Intelligent Capping for zEnterprise User Guide distributed by Defendants to customers is attached as Exhibit C, which Defendant intends to be used by its customers in utilizing the infringing products and systems in the manner taught by the Patents-in-Suit. Upon information and belief, Defendant has knowledge that the induced acts described herein constitute patent infringement.

15. Defendant has knowingly contributed to the infringement by its customers of the

Patents-in-Suit by supplying software, including the BMC Intelligent Capping for zEnterprise (iCap), which has no substantial noninfringing use, and is especially designed for use in the patented invention. Upon information and belief, Defendant has knowledge that the use of its software by Defendant and its customers constitutes patent infringement.

16. The BMC Intelligent Capping for zEnterprise (iCap) product optimizes capacity on IBM z/OS LPARs to reduce the cost of running workloads as taught and claimed in the Patents-in-Suit. The iCap product, in accordance with the BMC's User Guide (e.g. pp. 13, 15, 42, and 81-83), is a non-transitory tangible data storage medium encoded with program instructions to perform the method of managing mainframe computer system usage comprising: establishing a first group definition, the first group definition including first and second logical partitions executed by the mainframe computer system; establishing a first group policy, the first group policy including first and second partition processing capacity limits, and a time criticality level for each of a plurality of workload tasks assigned to the first and second logical partitions, each time criticality level indicating whether the workload task associated therewith is time critical or not time critical; monitoring performance of the first and second logical partitions in executing the plurality of workload tasks; determining, based on the performance monitoring and the first group policy, if either of the first and second logical partitions has a capacity deficit or a capacity surplus; and if one of the first and second logical partitions is determined to have a capacity deficit while the other is determined to have a capacity surplus, automatically balancing the first and second partition processing capacity limits.

## COUNT I
## Action for Infringement of the Patents-in-Suit

17. Plaintiff restates and realleges into this Count the allegations of Paragraphs 1 through 16 herein.

18. Count I is an action by Plaintiff against Defendant for monetary damages and injunctive relief for Defendant's direct infringement, contributory infringement, and/or induced infringement of the '405 Patent and the '090 Patent.

19. Plaintiff owns the Patents-in-Suit and has standing to sue for infringement of the Patents-in-Suit.

20. Defendant has actual knowledge of the '405 Patent.

21. Defendant has actual knowledge of the '090 Patent.

22. Defendant is directly infringing, inducing infringement by others, and contributing to the infringement of the Patents-in-Suit, through, among other activities, making, using, offering to sell, and selling in the United States, without authorization or license, products and systems, including the BMC Intelligent Capping for zEnterprise (iCap).

23. Defendant's infringing products and systems are not staple articles of commerce and have no substantial noninfringing use.

24. Upon information and belief, Defendant intends its products be used in managing computer systems as claimed in the Patents-in-Suit. Plaintiff instructed Defendant, including Defendant's product manager and architect for the infringing product, regarding the systems and methods claimed in the Patents-in-Suit.

25. With actual knowledge of the Patents-in-Suit, Defendant has used, offered and sold infringing systems and products in this judicial district and throughout the United States.

26. In April of 2015, just after the Plaintiff detailed its patented systems and methods to Defendant, the Defendant used and offered iCap to a large grocery chain based in this judicial district that continues to utilize the infringing product and system to date. The customer indicated to Plaintiff that Defendant is indemnifying them from claims of patent infringement.

27. Defendant's infringement has resulted in lost sales of Plaintiff.

28. Plaintiff is entitled to compensatory damages and injunctive relief for Defendant's infringing activities.

29. Upon information and belief, Defendant's infringement is willful, and Plaintiff is entitled to an award of treble damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiffs pray this Honorable Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiffs with the following requested relief:

A. A judgment that Defendant has infringed the '405 Patent.

B. A judgment that Defendant has infringed the '090 Patent.

C. A preliminary and then permanent injunction enjoining Defendant and all those acting in concert with Defendant from infringing the Patents-in-Suit, or such other equitable relief as the Court deems warranted;

D. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff damages in an amount adequate to compensate Plaintiff for Defendant's infringement, but in no event less than a reasonable royalty for the use made by Defendant of the inventions set forth in the Patents-in-Suit, together with an award of interest and costs;

E. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff treble damages;

F. An award against Defendant for attorneys' fees under 35 U.S.C. § 285; and

G. Such other and further relief as this Court deems just and proper.

**<u>JURY TRIAL REQUEST</u>**

Plaintiff requests a trial by jury as to all matters so triable.

Respectfully submitted June 19, 2015.

*/s/Jeffrey S. Boyles*
Jeffrey S. Boyles
Florida Bar No. 722308
jboyles@addmg.com
Brian R. Gilchrist, Esq.
Florida Bar No. 774065
bgilchrist@addmg.com
**ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.**
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

**Attorneys for Plaintiff**