**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**zIT CONSULTING GMBH,**

**Plaintiff,** **CASE NO: 6:15-cv-1012-Orl-31KRS**

**vs.** **INJUNCTIVE RELIEF REQUESTED**

**BMC SOFTWARE, INC.** **JURY TRIAL REQUESTED**

**Defendant.**
**______________________________________/**

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff zIT Consulting GmbH files this amended complaint for patent infringement against Defendant BMC Software, Inc., and alleges:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff zIT Consulting GmbH is a German company having its principal place of business in Jade, Germany. Plaintiff offers products and services in this judicial district, including through its United States distributor, Enterprise Systems Associates, Inc., having its principal place of business in Orlando, Florida at University of Central Florida Research Park.

2. Defendant BMC Software, Inc. is a Texas corporation having its principal place of business in Houston, Texas. BMC regularly engages in business within this judicial district, committed infringing acts herein complained of in this judicial district, caused damages to Plaintiff in this judicial district, and maintains sufficient minimal contacts with the state of Florida to meet the minimal jurisdictional requirements under the laws of Florida and the United States.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

4. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§1391 and 1400(b).

**GENERAL ALLEGATIONS**

5. Organizations that have substantial computing needs or require exceptional reliability, redundancy or security—e.g., large corporations, governments, and financial institutions—often employ mainframes. International Business Machines (IBM) supplies its System z computing platform to thousands of such organizations. However, significant recurring costs to System z users often include monthly or workload license charges based on their usage.

6. Plaintiff offers products and services to manage mainframe computer system usage. Proper management is important to ensure optimized and reliable performance, and to reduce license charges. Plaintiff's zDynaCap software provides automated capacity balancing and other features to System z users.

7. Plaintiff developed and patented systems and methods for mainframe computer systems that control the assessment and allocation of processing capacity between logical partitions.

8. Plaintiff is the owner by assignment of United States Patent No. 8,904,405 titled "System and Method for Managing Mainframe Computer System Usage" ("the '405 Patent"). A copy of the '405 Patent is attached as Exhibit A.

9. Plaintiff is the owner by assignment of United States Patent No. 9,038,090 titled "System and Method for Managing Mainframe Computer System Usage" ("the '090 Patent"). A copy of the '090 Patent is attached as Exhibit B.

10. The systems and methods of the '405 Patent and the '090 Patent (collectively, "the Patents-in-Suit") provide substantially more robust flexibility than was previously available

to users through innovations that include implementing workload priority definitions that will apply across a plurality of logical partitions, and assessing, determining, and executing the allocation of processing capacity among them.

11. Defendant has actual knowledge of the Patents-in-Suit.

12. Prior to the issuance of the Patents-in-Suit and pursuant to a nondisclosure agreement, Plaintiff disclosed to Defendant, including BMC representatives Andrew Burger, John McKenny, Nick Pachnos, Neil Blagrave and Jonathan Adams, certain confidential information relating to its development of proprietary systems and methods.

13. At least as early as September of 2013, Plaintiff disclosed to Defendant, including BMC's Director of Corporate Development, Andrew Burger, that Plaintiff had a pending patent application covering its proprietary systems and methods. Plaintiff was subsequently granted the Patents-in-Suit.

14. In March of 2015, Plaintiff's CEO Hans Peeters presented a detailed review of Plaintiff's patented technology and the zDynaCap product, in which Plaintiff's '405 Patent was expressly and verbally disclosed and described to Neil Blagrave, the architect and product manager for BMC's infringing products, among others. An example of the express disclosure made in the presentation materials is depicted below.



15. The disclosure of Plaintiff's '405 Patent and patented technology was further made at the March 2015 discussion to the following employees and representatives of Defendant: Steve Feeney (BMC software sales), Simon Chang (BMC software consultant), Simon Chang (BMC consultant), Fred Novakov (BMC computer programmer), Edward Williams (BMC programmer and Product Manager), Paul Spicer (BMC Product Manager), Ilan Cohen (BMC Senior Product Developer), Nataliya Musayelyan (BMC Senior Product Developer), Yifat Oren (BMC Principal Developer), Phat Tran (BMC Software Architect), Dave Davies (BMC Product Manager), and David Schipper (BMC Product Manager).

16. Plaintiff also expressly disclosed the '090 Patent and the zDynaCap product it covers to Defendant, including to BMC employees Nataliya Musayelyan and Paul Spicer.

17. Defendant has infringed the Patents-in-Suit by, among other things, making, using, offering to sell, and selling, without license, products and systems for managing mainframe usage, including the BMC Intelligent Capping for zEnterprise (iCap). iCAP, when used as intended and instructed by BMC, infringes the Patents-in-Suit. Defendant has continued to make use and sell the iCap despite knowledge that Plaintiff holds patents covering the product and its use by Defendant and its customers. In addition to providing a detailed disclosure of its patented systems and methods, Plaintiff has also expressly disclosed to Defendant how the iCAP product, and its use by BMC and its customers, infringes the Patents-in-Suit.

18. Defendant has provided consultation services and otherwise instructed its customers to utilize BMC software products and systems, including iCap, as specified by the Patents-in-Suit and disclosed to Defendant by Plaintiff. At least one BMC customer indicated to Plaintiff that Defendant is indemnifying them from claims of patent infringement

19. With actual knowledge of the Patents-in-Suit, Defendant has assisted its

customers in installing, maintaining, and utilizing iCAP in systems through consultation, maintenance, and support services, and through product documentation.

20. A true and correct copy of the BMC Intelligent Capping for zEnterprise User Guide (November 2014) distributed by Defendants to customers is attached as Exhibit C, which Defendant intends to be used by its customers in utilizing the infringing products, systems and methods in the manner taught by the Patents-in-Suit.

21. A true and correct copy of the BMC Intelligent Capping for zEnterprise User Guide (September 2015) distributed by Defendants to customers is attached as Exhibit D, which Defendant intends to be used by its customers in utilizing the infringing products, systems and methods in the manner taught by the Patents-in-Suit.

22. iCap has no substantial noninfringing use, and is especially designed for use in the patented invention.

23. iCAP is designed to optimize capacity on IBM z/OS LPARs as taught and claimed in the Patents-in-Suit. iCap, as provided in the BMC User Guides (e.g., Ex. C at pp. 13, 15, 42, and 81-83), is a non-transitory tangible data storage medium encoded with program instructions to perform the method of managing mainframe computer system usage comprising: establishing a first group definition, the first group definition including first and second logical partitions executed by the mainframe computer system; establishing a first group policy, the first group policy including first and second partition processing capacity limits, and a time criticality level for each of a plurality of workload tasks assigned to the first and second logical partitions, each time criticality level indicating whether the workload task associated therewith is time critical or not time critical; monitoring performance of the first and second logical partitions in executing the plurality of workload tasks; determining, based on the performance monitoring and

the first group policy, if either of the first and second logical partitions has a capacity deficit or a capacity surplus; and if one of the first and second logical partitions is determined to have a capacity deficit while the other is determined to have a capacity surplus, automatically balancing the first and second partition processing capacity limits.

**COUNT I**
**Action for Direct Patent Infringement United States Patent 8,904,405**

24. Plaintiff restates and realleges into this Count the allegations of Paragraphs 1 through 23.

25. Count I is an action by Plaintiff against Defendant for monetary damages and injunctive relief for Defendant's direct infringement of the '405 Patent.

26. Defendant has directly infringed at least claims 1, 12-13, and 20-24 of the '405 Patent. Defendant has infringed the '405 Patent by, among other things, making, using, offering to sell, and selling, in the United States and without license, products and systems for managing mainframe usage, including iCap. Upon information and belief, Defendant also directs and controls the infringing acts of certain of its clients through consultation, maintenance and support services, including through the use of iCAP and by conditioning use of, and benefits from, iCAP upon the performance of steps claimed in the '405 Patent. iCAP is designed to automatically perform steps of the asserted claims of the '405 Patent.

27. Defendant has continued to make, use, offer and sell iCap despite knowledge that Plaintiff holds patents covering the product and its use by Defendant and its customers.

28. Plaintiff owns the '405 Patent and has standing to sue for infringement of the '405 Patent.

29. Defendant has actual knowledge of the '405 Patent.

30. Plaintiff instructed Defendant, including Defendant's product manager and

architect for the infringing product, regarding the systems and methods claimed in the Patents-in-Suit. Defendant intends its products be used in managing mainframe systems as claimed in the '405 Patent.

31. With actual knowledge of the '405 Patent, Defendant has used, offered and sold infringing methods, systems and products in this judicial district and throughout the United States.

32. After the Plaintiff detailed its patented systems and methods to Defendant, and through the commencement of this action, the Defendant has used and offered iCap, including in this judicial district. Upon information and belief, Defendant continues to utilize and offer the infringing product and system in this district.

33. Defendant's infringement has resulted in lost sales of Plaintiff.

34. Plaintiff is entitled to compensatory damages and injunctive relief for Defendant's infringing activities.

35. Upon information and belief, Defendant's infringement is willful, and Plaintiff is entitled to an award of treble damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiff requests this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following relief:

A. A judgment that Defendant has infringed the '405 Patent.

B. A preliminary and then permanent injunction enjoining Defendant and all those acting in concert with Defendant from infringing the '405 Patent, or such other equitable relief as the Court deems warranted;

C. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff damages in an amount adequate to compensate Plaintiff for Defendant's infringement, but in no event less

than a reasonable royalty for the use made by Defendant of the inventions set forth in the ‘405 Patent, together with an award of interest and costs;

D. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff treble damages;

E. An award against Defendant for attorneys’ fees under 35 U.S.C. § 285; and

F. Such other and further relief as this Court deems just and proper.

**COUNT II**
**Action for Induced Patent Infringement of United States Patent 8,904,405**

36. Plaintiff restates and realleges into this Count the allegations of Paragraphs 1 through 23 herein.

37. Count II is an action by Plaintiff against Defendant for monetary damages and injunctive relief for Defendant’s induced infringement of at least claims 1, 12-13, and 20-24 of the ‘405 Patent.

38. Plaintiff owns the ‘405 Patent and has standing to sue for infringement of the ‘405 Patent.

39. Defendant has actual knowledge of the ‘405 Patent.

40. Defendant has induced its customers to infringe the ‘405 Patent by instructing them to utilize BMC software products and systems, including iCap, in the manner specified by the ‘405 Patent, and disclosed to Defendant by Plaintiff.

41. With actual knowledge of the ‘405 Patent, Defendant has assisted its customers in installing, maintaining, and utilizing the infringing products in systems through consultation, maintenance, and support services, and through product documentation.

42. Defendant distributes BMC Intelligent Capping for zEnterprise User Guides (Exhibits C and D hereto) to customers intending to induce its customers to use the infringing

products, systems and methods in the manner taught by the '405 Patent. Upon information and belief, Defendant has knowledge that the induced acts described herein constitute patent infringement.

43. Defendant intends its products be used in managing computer systems as claimed in the '405 Patent.

44. After the Plaintiff detailed its patented systems and methods to Defendant, and through the commencement of this action, the Defendant has induced its customers, including in this judicial district, to utilize iCAP as taught by the '405 Patent.

45. Defendant's infringement has resulted in lost sales of Plaintiff.

46. Plaintiff is entitled to compensatory damages and injunctive relief for Defendant's infringing activities.

47. Upon information and belief, Defendant's infringement is willful, and Plaintiff is entitled to an award of treble damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiff requests this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following relief:

A. A judgment that Defendant has infringed the '405 Patent.

B. A preliminary and then permanent injunction enjoining Defendant and all those acting in concert with Defendant from infringing the '405 Patent, or such other equitable relief as the Court deems warranted;

C. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff damages in an amount adequate to compensate Plaintiff for Defendant's infringement, but in no event less than a reasonable royalty for the use made by Defendant of the inventions set forth in the '405 Patent, together with an award of interest and costs;

D. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff treble damages;

E. An award against Defendant for attorneys' fees under 35 U.S.C. § 285; and

F. Such other and further relief as this Court deems just and proper.

**COUNT III**
**Action for Contributory Patent Infringement of United States Patent 8,904,405**

48. Plaintiff restates and realleges into this Count the allegations of Paragraphs 1 through 23 herein.

49. Count III is an action by Plaintiff against Defendant for monetary damages and injunctive relief for Defendant's contributory infringement of at least claims 1, 12-13, and 20-24 of the '405 Patent.

50. Plaintiff owns the '405 Patent and has standing to sue for infringement of the '405 Patent.

51. Defendant has actual knowledge of the '405 Patent.

52. Defendant has knowingly contributed to the infringement by its customers of the '405 Patent by supplying software, including iCap, which has no substantial non-infringing use, and is especially designed for use in practicing the patented invention.

53. Defendant has knowledge that the use of its software by Defendant and its customers constitutes patent infringement.

54. Defendant's infringing products and systems are not staple articles of commerce and have no substantial non-infringing use.

55. After the Plaintiff detailed its patented systems and methods to Defendant, and through the commencement of this action, the Defendant has contributed to its customers' infringement, including within this judicial district, by offering and providing iCAP.

56. Defendant's infringement has resulted in lost sales of Plaintiff.

57. Plaintiff is entitled to compensatory damages and injunctive relief for Defendant's infringing activities.

58. Upon information and belief, Defendant's infringement is willful, and Plaintiff is entitled to an award of treble damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiff requests this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following relief:

A. A judgment that Defendant has infringed the '405 Patent.

B. A preliminary and then permanent injunction enjoining Defendant and all those acting in concert with Defendant from infringing the '405 Patent, or such other equitable relief as the Court deems warranted;

C. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff damages in an amount adequate to compensate Plaintiff for Defendant's infringement, but in no event less than a reasonable royalty for the use made by Defendant of the inventions set forth in the '405 Patent, together with an award of interest and costs;

D. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff treble damages;

E. An award against Defendant for attorneys' fees under 35 U.S.C. § 285; and

F. Such other and further relief as this Court deems just and proper.

**COUNT IV**
**Action for Direct Patent Infringement United States Patent 9,038,090**

59. Plaintiff restates and realleges into this Count the allegations of Paragraphs 1 through 23 herein.

60. Count IV is an action by Plaintiff against Defendant for monetary damages and

injunctive relief for Defendant's direct infringement of the '090 Patent.

61. Defendant has directly infringed at least claims 1 and 2 of the '090 Patent. Defendant has infringed the '090 Patent by, among other things, making, using, offering to sell, and selling, in the United States and without license, products and systems for managing mainframe usage, including iCap. Upon information and belief, Defendant also directs and controls the infringing acts of certain of its clients through consultation, maintenance and support services, including through the use of iCAP and by conditioning use of, and benefits from, iCAP upon the performance of steps claimed in the '090 Patent. iCAP is designed to automatically perform steps of the asserted claims of the '090 Patent.

62. Defendant has continued to make, use, offer and sell iCap despite knowledge that Plaintiff holds patents covering the product and its use by Defendant and its customers.

63. Plaintiff owns the '090 Patent and has standing to sue for infringement of the '090 Patent.

64. Defendant has actual knowledge of the '090 Patent.

65. Defendant intends its products be used in managing computer systems as claimed in the '090 Patent.

66. Plaintiff instructed Defendant, including Defendant's product manager and architect for the infringing product, regarding the systems and methods claimed in the Patents-in-Suit.

67. With actual knowledge of the '090 Patent, Defendant has used, offered and sold infringing methods, systems and products, including iCAP, in this judicial district and throughout the United States.

68. Defendant's infringement has resulted in lost sales of Plaintiff.

69. Plaintiff is entitled to compensatory damages and injunctive relief for Defendant's infringing activities.

70. Upon information and belief, Defendant's infringement is willful, and Plaintiff is entitled to an award of treble damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiff requests this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following relief:

A. A judgment that Defendant has infringed the '090 Patent.

B. A preliminary and then permanent injunction enjoining Defendant and all those acting in concert with Defendant from infringing the '090 Patent, or such other equitable relief as the Court deems warranted;

C. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff damages in an amount adequate to compensate Plaintiff for Defendant's infringement, but in no event less than a reasonable royalty for the use made by Defendant of the inventions set forth in the '090 Patent, together with an award of interest and costs;

D. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff treble damages;

E. An award against Defendant for attorneys' fees under 35 U.S.C. § 285; and

F. Such other and further relief as this Court deems just and proper.

## **COUNT V**
## **Action for Induced Patent Infringement of United States Patent 9,038,090**

71. Plaintiff restates and realleges into this Count the allegations of Paragraphs 1 through 23 herein.

72. Count V is an action by Plaintiff against Defendant for monetary damages and injunctive relief for Defendant's induced infringement of at least claims 1 and 2 of the '090

Patent.

73. Plaintiff owns the ‘090 Patent and has standing to sue for infringement of the ‘090 Patent.

74. Defendant has actual knowledge of the ‘090 Patent.

75. Defendant has induced its customers to infringe the ‘090 Patent by instructing them to utilize BMC software products and systems, including iCap, in the manner specified by the ‘090 Patent, and disclosed to Defendant by Plaintiff.

76. With actual knowledge of the ‘090 Patent, Defendant has assisted its customers in installing, maintaining, and utilizing the infringing products in systems through consultation, maintenance, and support services, and through product documentation.

77. Defendant distributes BMC Intelligent Capping for zEnterprise User Guides (Exhibits C and D hereto) to customers intending to induce its customers to use the infringing products, systems and methods in the manner taught by the ‘090 Patent. Upon information and belief, Defendant has knowledge that the induced acts described herein constitute patent infringement.

78. Defendant intends its products be used in managing computer systems as claimed in the Patents-in-Suit.

79. Defendant has induced customers, including within this judicial district, to utilize iCAP as taught by the ‘090 Patent.

80. Defendant’s infringement has resulted in lost sales of Plaintiff.

81. Plaintiff is entitled to compensatory damages and injunctive relief for Defendant’s infringing activities.

82. Upon information and belief, Defendant’s infringement is willful, and Plaintiff is

entitled to an award of treble damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiff requests this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following relief:

A. A judgment that Defendant has infringed the '090 Patent.

B. A preliminary and then permanent injunction enjoining Defendant and all those acting in concert with Defendant from infringing the '090 Patent, or such other equitable relief as the Court deems warranted;

C. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff damages in an amount adequate to compensate Plaintiff for Defendant's infringement, but in no event less than a reasonable royalty for the use made by Defendant of the inventions set forth in the '090 Patent, together with an award of interest and costs;

D. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff treble damages;

E. An award against Defendant for attorneys' fees under 35 U.S.C. § 285; and

F. Such other and further relief as this Court deems just and proper.

## COUNT VI
## Action for Contributory Patent Infringement of United States Patent 9,038,090

83. Plaintiff restates and realleges into this Count the allegations of Paragraphs 1 through 23 herein.

84. Count VI is an action by Plaintiff against Defendant for monetary damages and injunctive relief for Defendant's contributory infringement of at least claims 1 and 2 of the '090 Patent.

85. Plaintiff owns the '090 Patent and has standing to sue for infringement of the '090 Patent.

86. Defendant has actual knowledge of the ‘090 Patent.

87. Defendant has knowingly contributed to the infringement by its customers of the ‘090 Patent by supplying software, including iCap, which has no substantial non-infringing use, and is especially designed for use in practicing the patented invention.

88. Defendant has knowledge that the use of its software by Defendant and its customers constitutes patent infringement.

89. Defendant’s infringing products and systems are not staple articles of commerce and have no substantial non-infringing use.

90. Defendant has contributed to its customers’ infringement within this judicial district by offering and providing iCAP.

91. Defendant’s infringement has resulted in lost sales of Plaintiff.

92. Plaintiff is entitled to compensatory damages and injunctive relief for Defendant’s infringing activities.

93. Upon information and belief, Defendant’s infringement is willful, and Plaintiff is entitled to an award of treble damages, attorneys’ fees, and costs in bringing this action.

Wherefore, Plaintiff requests this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following relief:

A. A judgment that Defendant has infringed the ‘090 Patent.

B. A preliminary and then permanent injunction enjoining Defendant and all those acting in concert with Defendant from infringing the ‘090 Patent, or such other equitable relief as the Court deems warranted;

C. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff damages in an amount adequate to compensate Plaintiff for Defendant’s infringement, but in no event less

than a reasonable royalty for the use made by Defendant of the inventions set forth in the '090 Patent, together with an award of interest and costs;

D. A judgment against Defendant under 35 U.S.C. §284 awarding Plaintiff treble damages;

E. An award against Defendant for attorneys' fees under 35 U.S.C. § 285; and

F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury as to all matters so triable.

Respectfully submitted January 25, 2016.

*/s/Jeffrey S. Boyles*
Jeffrey S. Boyles
Florida Bar No. 722308
jboyles@addmg.com
Brian R. Gilchrist, Esq.
Florida Bar No. 774065
bgilchrist@addmg.com
Ava K. Doppelt
Florida Bar No. 393738
adoppelt@addmg.com
**ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST, P.A.**
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

T. Todd Pittenger
todd.pittenger@akerman.com
Kelly J.H. Garcia
kelly.garcia@akerman.com
Joshua A. Mize
joshua.mize@akerman.com
**AKERMAN LLP**
420 South Orange Avenue, Suite 1200
Orlando, FL 32801-4904

and

Michael Chibib
michael.chibib@pillsburylaw.com
Conor M. Civins
conor.civins@pillsburylaw.com
Matthew K. Gates
matthew.gates@pillsburylaw.com
David N. Patariu
david.patariu@pillsburylaw.com
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
111 Congress Avenue, Suite 400
Austin, TX 78701

**Attorneys for Defendant**

*/s/Jeffrey S. Boyles*
Jeffrey S. Boyles